IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>THOMAS EARL DEMPSEY,<br><br>Defendant/Movant. | Cause No. CR 16-28-M-DLC<br><br><br>ORDER |

This case comes before the Court on Defendant/Movant Thomas Earl Dempsey's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Dempsey is a federal prisoner proceeding pro se.

On December 30, 2025, Dempsey was ordered to show cause as to why this matter should not be dismissed as procedurally defaulted and time barred. (Doc. 275.) Dempsey timely responded. (Doc. 277.)

I.     **Legal Standard/Preliminary Review**

Section 2255 allows a federal prisoner to challenge imposition or length of his incarceration on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

1

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under §2255 is afforded "[i]f the court finds that …there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. §2255(b).

A district court may dismiss a Section 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.' " *United States v. Withers*, 638 F. 3d 1055, 1062-63 (9th Cir. 2011)(*quoting United States v. Schaflander*, 743 F. 2d 714, 717 (9th Cir. 1984)).

As a pro se litigant, Dempsey's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The requirement of liberal construction does not mean, however, that the court can ignore an obvious failure to allege facts that set forth a cognizable claim. *See e.g., Neighbors v. United States*, 457 F. 2d 795, 795 (9th Cir. 1972).

## II.   Background

Dempsey was charged with eleven federal crimes. Pursuant to a plea agreement, Dempsey pled guilty to four counts, and the remaining counts were dismissed. Dempsey contests his conviction and sentence as related to Counts 1 and 10 of the indictment, conspiracy to commit robbery in violation of the Hobbs

Act and discharging a firearm in furtherance of a crime of violence, respectively. Specifically, Dempsey contends that his conviction on Count 10 is invalid because it has been determined that conspiracy to commit a Hobbs Act robbery cannot serve as a valid predicate for § 924(c)'s elements clause as it is not a "crime of violence." (Doc. 272 at 4)(*citing United States v. Reed*, 48 F. 4th 1082 (9th Cir. 2022) and, *United Staes v. Davis*, 588 U.S. 445 (2019)); *see also* 18 U.S.C. § 924(c)(3). Although dismissed, count 2, Hobbs Act robbery, is relevant to consideration of Dempsey's claim.

### A. Proceedings in the Criminal Case

On June 21, 2016, a grand jury charged Dempsey with one count of conspiracy to commit robbery affecting commerce, a violation of 18 U.S.C. §1951(a)(Count 1); one count of robbery affecting commerce, a violation of 18 U.S.C. §1951(a) (Count 2); one count of carjacking, a violation of 18 U.S.C. §2119 (Count 3); five counts of kidnapping, a violation of 18 U.S.C. §1201(a)(1) (Counts 4, 5, 6, 7, and 8); one count of brandishing a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. §924( c)(1)(A)(ii) (Count 9); one count of discharging a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. §924( c)(1)(A)(iii) (Count 10); and one count of being a felon in possession of a firearm, a violation of 18 U.S.C. §922(g)(1) (Count 11). Nick West, Carissa Kopp, and Hannah Parker were charged in the same indictment with conspiracy

3

and many other offenses. The United States pled aiding and abetting, *see* 18 U.S.C. §2, and a *Pinkerton* theory[1] as to each of Counts 2 through 10. *See* Indictment, (Doc. 9 at 1-10.)

On October 27, 2026, Dempsey and the United States filed a plea agreement. Dempsey agreed to plead guilty to Counts 1, 3, 4, and 10, conspiracy to commit robbery, carjacking, kidnapping, and discharging a firearm. The United States agreed to dismiss Counts 2, 5-9, and 11. The United States also agreed that it would not charge Mariah Dempsey in this matter or matters related to the case. Dempsey waived his right to appeal. (Doc. 87 at 8-9.) Dempsey pled guilty in open court on November 1, 2016. *See* Minutes (Doc. 91.)

Notably, the Indictment identified carjacking, as charged in Count 3, as the "crime of violence" underlying Count 10. *See*, Indictment (Doc. 9 at 7-8.)[2] Conversely, the Plea Agreement specified that the "crime of violence" underlying Count 10 was, instead, Count 1, conspiracy to commit a Hobbs Act robbery. *See*, (Doc. 87 at 4.)

At sentencing, the Court accepted the plea agreement and sentenced

---

[1] The theory holds that a defendant is fully responsible for reasonably foreseeable substantive offenses committed by co-conspirators in furtherance of the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 645, 647-48 (1946).

[2] In the Court's prior order, it was incorrectly denoted that the "crime of violence" underlying Count 10 was either the conspiracy to commit robbery as alleged in Count 1 and/or the robbery itself, as charged in Count 2. *See*, (Doc. 275 at 2.). This Court mistakenly referred, however, to the "crime of violence" provisions underlying Count 9.

Dempsey to 240 months in prison on Count 1, 180 months on Count 3, and 240 months on Count 4, to all run concurrently. On Count 10, Dempsey received an additional 72 months to run consecutively. *See,* Judg. (Doc. 138.) Thus, Dempsey's net prison sentence was 312 months. Judgment was entered on February 9, 2017. (*Id.*)

Dempsey did not appeal. His conviction became final on February 23, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

### B. Collateral Review

On September 22, 2023, Dempsey filed a motion for extension of time, in which he sought to prospectively extend the § 2255 limitations period. *See*, (Doc. 215.) On September 26, 2023, this Court entered an order advising Dempsey that it would not extend the filing date but informed him of the relevant exceptions to the limitations period and provided Dempsey with the form for filing a § 2255 motion. (Doc. 216.) Notably, in his motion for extension, Dempsey identified *Reed* as a basis for relief. (Doc. 215 at 1-2 & Doc. 215-1) Despite this fact, Dempsey waited more than 2 years before filing his § 2255 motion. *See*, Motion to Vacate (Doc. 272)(filed December 9, 2025).

On December 30, 2025, the Court issued an order explaining that Dempsey's claim in his § 2255 motion was untimely and procedurally defaulted and giving him an opportunity to show cause to excuse his default. (Doc. 275.)

5

Dempsey responded on February 2, 2026. (Doc. 277.) Dempsey generally repeats his legal argument that conspiracy to commit a Hobbs Act robbery is now unconstitutional for purposes of being considered a crime of violence and, accordingly, he is actually innocent of the offense. (*Id*. at 2-3.) Dempsey argues that this argument was unavailable to him and counsel at the time of sentencing. He states that when he attempted to raise the issue with his prior counsel, he was advised either that the argument did not apply to him or, alternatively, that his inquiries went unanswered. (*Id*. at 3.)

Dempsey further explains that during the time period in which he asked for an extension, he was housed in a special unit without access to personal property or legal materials. (*Id*.) Moreover, he contends that due to COVID-19 and assaults he suffered at the hands of other inmates, he was unable to effectively access the courts. (*Id*.) Dempsey asserts that to deny him relief would be a denial of equal protection as other inmates across the country have had claims dismissed by courts finding that conspiracy to commit a Hobbs Act robbery does not qualify as a "crime of violence" for purpose of § 924(c). Because Dempsey contends he did not commit a crime of violence, his believes his guilty plea was unconstitutional. (*Id*. at 5.)

### III. Analysis

As a preliminary matter, the Court is not convinced that Dempsey's response

to the show cause order, (Doc. 277), excuses the procedural hurdles before him. Put another way, it appears that Dempsey's claim remains procedurally defaulted and untimely. Generally, Courts will not hear such claims, unless a petitioner can excuse his non-compliance. But a federal court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues).

As set forth above, Dempsey frames his claim as one of "actual innocence." Both the Supreme Court and the Ninth Circuit have expressly reserved deciding whether an actual innocence claim is cognizable, *Dist. Attorney's Off. For Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009); *Taylor v. Beard*, 811 F. 3d 326, 334 (9th Cir. 2016), but each have assumed that such a federal right exists. *See, Herrera v. Collins*, 506 U.S. 390, 417 (1993)(acknowledging the possibility that a freestanding actual innocence claim would exists in the capital context); *House v. Bell*, 547 U.S. 518, 554-55 (2016)(acknowledging that any freestanding actual innocence claim would need to meet the standard implied in *Herrera*); *see also, United States v. Berry*, 624 F. 3d 1031, 1038 n. 5 (9th Cir. 2010)(stating in dicta that "this circuit recognizes a claim of actual innocence that is cognizable under

§2255."). The standard of proof required of a habeas petitioner to make a successful freestanding claim would be "extraordinarily high," and the showing would have to be "truly persuasive." *Herrera*, 506 U.S. at 417. In *Carriger v. Stewart*, the Ninth Circuit articulated a standard for an actual innocence claim, that a petitioner must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent. *Carriger v. Stewart*, 132 F. 3d 463, 476 (*citing Herrera*, 506 U.S. at 442-44)(additional citations omitted).

To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Bousley v. United States*, 523 U.S. 614, 623 (1998). "Actual innocence" is a term of art. It means factual innocence, not mere legal insufficiency. *Id*., *citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). In cases where the government has foregone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must extend to those charges as well. *Bousley*, 523 U.S. at 625.

It is true that in the intervening time since Dempsey's convictions, decisions have been issued that call the validity of Dempsey's § 924(c) conviction into question. Section 924(c) applies if an individual commits a "crime of violence" with a firearm. Thus, all charges under § 924(c) depend on some other charge or offense. A "crime of violence," is defined in two ways. Under the "elements

8

clause," it is a "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).  Under the "residual clause," it is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

In *United States v. Davis*, 588 U.S. 445 (2019), the Supreme Court held that the residual clause is unconstitutionally vague. *Id*. at 470.  Subsequently, in *United States v. Taylor*, 596 U.S. 845 (2022), the Court held that neither conspiracy to commit Hobbs Act robbery nor attempted Hobbs Act robbery can be predicate "crimes of violence" under the elements clause. *Id*., at 860.  Notably, the Ninth Circuit recently reaffirmed that Hobbs Act robbery under a *Pinkerton* theory is still a valid crime-of-violence predicate under the elements clause of §924(c). *See Johnson v. United States*, 139 F. 4th 830, 839 (9th Cir. 2025).

But because *conspiracy* to commit a Hobbs Act robbery is now not considered a crime of violence, it is true that at first blush it appears Dempsey did indeed plead guilty to an offense that relied upon a predicate that is no longer an offense.  The matter, however, requires additional consideration.

In the underlying case, it is undisputed that Dempsey carjacked, kidnapped, and audibly threatened to kill a family, including minors.  During the course of the kidnapping, Dempsey fled from law enforcement and fired his weapon at police

9

officers.  *See*, (Doc. 276 at 1-2); *see also*, (Doc. 144 at ¶¶37-41.)  In an opinion affirming the denial of Dempsey's co-defendant's §2255 motion, the Ninth Circuit noted that the crimes at issue were "horrendous" and that the evidence against defendants was "iron clad."  *U.S. v. West*, No. 20-35786, 2022 WL 542547, at *2 (9th Cir. Feb. 23, 2022).  The Circuit emphasized the strength of the charges by noting that multiple eyewitnesses, including co-conspirators, were ready to testify at trial, a telephone line was kept open to authorities throughout the course of events, and weapons were recovered from defendants.  *Id*.

    As a result of his actions, Dempsey was charged with eleven separate crimes and pled guilty to four.  Plea agreements address guilt and innocence, but a plea agreement leading to dismissal of some charges does not necessarily mean the defendant was innocent of those charges.  For example, if a defendant does not plead guilty to Count 2, that might or might not mean the United States would be unable to prove him guilty of Count 2 at trial.

    The rule for Dempsey's current situation takes this legal fact into account.  As set forth above, a defendant who can show he pled guilty to an offense that is unconstitutional is entitled to have his plea and conviction vacated *if* he can show he is *also* innocent of other serious charges the United States agreed to dismiss as part of a plea agreement.  *Bousley,* 523 U.S. at 624.  This rule protects defendants who probably would not have been convicted at trial on the charges the United

States dismissed. It also avoids giving a windfall to defendants who probably would have been convicted on those charges.

Dempsey's guilty plea made it clear that he participated in a robbery, a carjacking, and the kidnapping of several people. When Dempsey pled guilty to conspiracy to commit robbery (Count 1), he admitted to all the elements of robbery (Count 2). *See,* Plea Agreement (Doc. 87 at 3.)[3] Dempsey also pled guilty to carjacking (Count 3) and kidnapping (Count 4). (*Id*. at 3-4.) Robbery and carjacking are both crimes of violence under the still valid portion of §924(c). *See, e.g., United States v. Dominguez*, 954 F. 3d 1251,1259-61 (9th Cir. 2020), and *Johnson v. United States*, 139 F. 4th 830 (9th Cir. 2025), (Hobbs Act robbery); *United States v. Guiterrez*, 876 F. 3d 1254, 1256-57 (9th Cir. 2017)(per curiam)(carjacking). And, as set forth above, the Indictment charged the §924(c) crime of Count 10 based upon the carjacking as charged in Count 3 and charged that the firearm was discharged in the course of the carjacking. *See*, Indictment (Doc. 9 at 7-8.) Dempsey cannot, therefore, meet the special requirement of *Bousley* and show actual innocence, not only of the §924(c) count, but on all the dismissed charges as well.

---

[3] Dempsey acknowledged: first, that he knowingly acquired someone else's property; he took the property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future; and second, his actions obstructed, delayed, or affected interstate commerce.

Dempsey suffered no prejudice from his guilty plea to Count 10, because his plea could have been predicated on Count 2 or Count 3, rather than Count 1, and his guilty plea to Count 1 included admission of all of the elements of Count 2. Moreover, had the government been able to anticipate the issue with the residual clause of §924(c) or had Dempsey disputed the constitutionality of Count 10 as pled, the government would likely have availed itself of any number of alternative combinations of charges to reach the same result as the plea agreement. *See e.g.*, *West*, 2022 WL 542547, at *2. Additionally, Dempsey is not entitled to relief based upon *Bousley*. He cannot show he is innocent of charges dismissed pursuant to a plea agreement.

If Dempsey had merely conspired to commit a Hobbs Act robbery without actually committing one, the outcome may be different. But it is clear that he both committed and acknowledged committing a Hobbs Act robbery, as well as carjacking, both of which are crimes of violence under 18 U.S.C. §924(c)(3)(A). Dempsey's guilty plea to Count 10 was voluntary, knowing, and intelligent, notwithstanding later legal developments that undermined a portion of the statute underlying Count 10. There is not a valid legal basis to vacate Dempsey's conviction.

## IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Dempsey's claim that his conviction on Count 10 rests on an unconstitutional statute may technically be correct, but the claim appears to be procedurally defaulted and barred. While *conspiracy* to commit Hobbs Act robbery is no longer a crime of violence, Dempsey was also charged with Hobbs Act *robbery*. His guilty plea to conspiracy included all the elements of Hobbs Act robbery, and Dempsey also pled guilty to carjacking. Both Hobbs Act robbery and carjacking are crimes of violence under 18 U.S.C. § 924(c)(3)(A). *See United States v. Dominguez*, 954 F.3d 1251, 1259–61 (9th Cir. 2020), *Johnson v. United States*, 139 F. 4th 830, 839 (9th Cir. 2025); *United States v. Gutierrez*, 876 F.3d 1254, 1256–57 (9th Cir. 2017) (per curiam). And § 924(c)(3)(A) was not affected by the Supreme Court's decision in *Davis v. United States*, 588 U.S. 445 (2019) or *United States v. Taylor*, 596 U.S. 845 (2022). For these reasons, Dempsey cannot

show actual innocence.  *See Bousley v. United States*, 523 U.S. 614, 624 (1998).  A certificate of appealability will be denied.

    Accordingly, IT IS HEREBY ORDERED:

    1.  Dempsey's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 272) is **DENIED**.

    4.  A certificate of appealability is **DENIED**.  The clerk shall immediately process the appeal if Dempsey files a Notice of Appeal.

    5.  The clerk shall ensure that all pending motions in this case and in CV 25-208-M-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Dempsey.

    DATED this 25th day of February, 2026.

    */s/ Dana L. Christensen*
    Dana L. Christensen
    United States District Court Judge